42. During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Clean Harbors' common stock, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and misleading. Said statements and omissions were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

43. At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and the other members of the Class. As described herein, during the Class Period Defendants made or caused to be made a series of materially false or misleading statements about Clean Harbors' business, prospects and operations. These material misstatements and omissions had the cause and effect of creating in the market an unrealistically positive assessment of Clean Harbors and its business, prospects and operations, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and misleading statements during the Class Period resulted in Plaintiff and the other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein.

## SCIENTER

44. As alleged herein, Defendants acted with scienter in that Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities

laws. As set forth elsewhere herein in detail, Defendants, by virtue of their receipt of information reflecting the true facts regarding Clean Harbors, their control over, and/or receipt of information of Clean Harbors' allegedly materially misleading misstatements and/or their associations with the Company that made them privy to confidential proprietary information concerning Clean Harbors, participated in the fraudulent scheme alleged.

45. In addition, Defendant McKim's scienter is further evidenced by his entering into the Variable Prepaid Forward transaction detailed above in ¶ 29. By selling forward his shares while at the same time retaining rights to some upside participation should the price of Clean Harbors common stock rise, Defendant McKim was able to protect himself against future declines in the price of Clean Harbors common stock.

46. Finally, during the Class Period, while Defendants were concealing the truth about the Company and its operations, certain Clean Harbors insiders sold their personally-held Clean Harbors shares to the unsuspecting market, as detailed in the following chart:

| Insider | Date of Sale | Number of Shares | Price per share | Value |
|---|---|---|---|---|
| David M. Parry, Senior VP | 1/9/03 | 11,000 | $15.30 | $168,245.90 |
| Eric Gerstenberg, Senior VP | 12/24/02 | 2,000 | 16.35 | 32,700.00 |
|  | 6/3/03 | 382 | 9.75 | 3,724.50 |
| Eugene Cookson, Officer | 12/26/02 | 25,000 | 16.04 | 401,000.00 |
|  | 12/30/02 | 8,300 | 16.00 | 132,800.00 |
|  | 1/9/03 | 20,000 | 16.00 | 320,000.00 |
|  | 1/10/03 | 28,700 | 16.13 | 462,916.65 |
| Total |  | 95,382 |  | 1,521,387.05 |
| John P. Lawton, VP | 12/4/02 | 10,000 | 15.11 | 151,140.00 |

19

| | | | | |
|---|---|---|---|---|
| William J. Geary, Executive VP | 1/10/03 | 7,400 | 15.56 | 115,144.00 |
| **Grand Total** | | **112,782** | | **1,787,671.05** |

These sales were unusual in timing and amount given the non-disclosure of material adverse facts concerning the Company and its business as detailed herein.

### Applicability Of Presumption Of Reliance: Fraud-On-The-Market Doctrine

47. At all relevant times, the market for Clean Harbors' securities was an efficient market for the following reasons, among others:

(a) Clean Harbors' stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b) As a regulated issuer, Clean Harbors filed periodic public reports with the SEC;

(c) Clean Harbors regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

(d) Clean Harbors was followed by several securities analysts employed by major brokerage firms who wrote reports that were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

48.     As a result of the foregoing, the market for Clean Harbors' securities promptly digested current information regarding Clean Harbors from all publicly available sources and reflected such information in Clean Harbors' stock price. Under these circumstances, all purchasers of Clean Harbors' securities during the Class Period suffered similar injury through their purchase of Clean Harbors' securities at artificially inflated prices and a presumption of reliance applies.

## NO SAFE HARBOR

49.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. Many of the specific statements pleaded herein were not identified as "forward-looking statements" when made. To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of Clean Harbors who knew that those statements were false when made.

## COUNT I

**Violation Of Section 10(b) Of
The Exchange Act And Rule 10b-5**

21

**Promulgated Thereunder Against All Defendants**

50.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

51.     Throughout the Class Period, Clean Harbors and the Individual Defendants, carried out a plan, scheme, and course of conduct that was intended to and did: (i) deceive the investing public, including Plaintiff and the other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Clean Harbors' securities; and (iii) cause Plaintiff and the other members of the Class to purchase Clean Harbors' securities at artificially inflated prices. In furtherance of this unlawful scheme and course of conduct, Defendants took the actions set forth herein.

52.     Defendants (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Clean Harbors' securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

53.     In addition to the duties of full disclosure imposed on Defendants as a result of their making of affirmative statements and reports, or participation in the making of affirmative statements and reports to the investing public, Defendants had a duty to promptly disseminate truthful information that would be material to investors in compliance with the integrated disclosure provisions of the SEC as embodied in SEC Regulation S-X (17 C.F.R. §§ 210.01 et seq.) and Regulation S-K (17 C.F.R.

22

§§ 229.10 et seq.) and other SEC regulations, including accurate and truthful information with respect to the Company's operations, financial condition, and earnings so that the market price of the Company's securities would be based on truthful, complete, and accurate information.

54. Clean Harbors and the Individual Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations, and future prospects of Clean Harbors as specified herein.

55. Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Clean Harbors' value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about Clean Harbors and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of Clean Harbors' securities during the Class Period.

56. The Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period; (ii) the Individual Defendants were privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or

reports; and (iii) the Individual Defendants were aware of the Company's dissemination of information to the investing public that they knew or recklessly disregarded was materially false and misleading.

57. Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Clean Harbors' operating condition and future business prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and misstatements of the Company's business, operations and earnings throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

58. As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of Clean Harbors' securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of Clean Harbors' publicly-traded securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by Defendants but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Clean Harbors securities during the Class Period at artificially high prices and were damaged thereby.

59.     At the time of said misrepresentations and omissions, Plaintiff and the other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known of the true financial condition and business prospects of Clean Harbors, which were not disclosed by Defendants, Plaintiff and the other members of the Class would not have purchased or otherwise acquired their Clean Harbors securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices that they paid.

60.     By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

61.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## COUNT II

### Violation Of Section 20(a) Of
### The Exchange Act Against The Individual Defendants

62.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

63.     The Individual Defendants acted as controlling persons of Clean Harbors within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the statements filed by the Company with the SEC and

disseminated to the investing public, the Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

64. In particular, the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, are presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

65. As set forth above, Clean Harbors and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their positions each as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Clean Harbors' and the Individual Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

A.  Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

B.  Awarding compensatory damages in favor of Plaintiff and the other members of the Class against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.  Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.  Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: January 9, 2003

SHAPIRO HABER & URMY LLP

_____
Theodore M. Hess-Mahan BBO #557109
75 State Street
Boston, MA 02109
Tel: (617) 439-3939

**BERNSTEIN LIEBHARD & LIFSHITZ, LLP**
Mel E. Lifshitz
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414

**Attorneys for Plaintiff**

27

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, _Robert Reuben_ ("Plaintiff"), declare the following as to the claims asserted under the federal securities laws:

1. Plaintiff has reviewed the complaint filed in this matter and has authorized the filing of a complaint based on similar allegations in a related or amended complaint. Plaintiff retains Bernstein Liebhard & Lifshitz, LLP and such co-counsel it deems appropriate to associate with to pursue such action on a contingent fee basis.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in this private action.

3. Plaintiff is willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial. I understand that the litigation is not settled, this is not a claim form, and sharing in any recovery is not dependent upon execution of this Certification.

4. Plaintiff's transaction(s) in the **CLEAN HARBORS, INC.** security that is the subject of this action during the period of 11/19/02 through and including 8/14/03 are as follows:

| No. of Shares | Stock Symbol | Buy/Sell | Date | Price Per Share |
|---|---|---|---|---|
| | | See Attached | | |

Please list other transactions on a separate sheet of paper, if necessary.

5. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for the class in any action filed under the federal securities laws except as indicated here:

6. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, or as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this _22_ day of _DEC_, 200_3_

_____
Signature

_Robert Reuben_
Print Name

Page: 1  Document Name: Untitled

```
        A C C O U N T    H I S T O R Y    F O R    T H E    Y E A R    2 0 0 2
ACCT NAME: REUBEN, ROBERT & KAREN           ACCT NO:            RR NO:
DATE       QUANTITY              DESCRIPTION         CODE        AMOUNT        TP
11/25       17500      CLEAN HARBORS INC            12.301      215281.25     02
                       RKUP       .0300 AVG
                             REPORTED PRICE   12.271
07/02        1000      CLEAN HARBORS INC            11.987       11992.80     02
07/02       10000      CLEAN HARBORS INC            12.500      125305.00     02
                             CALL QPB JUN 12 1/2
07/02       10000-     CLEAN HARBORS INC            12.500      126626.84-    02
                             CALL QPB JUN 12 1/2
                       CANCEL BUY   TRADE DATE 06/21
07/01        1000-     CLEAN HARBORS INC            12.630       12629.61-    02
07/01        1000-     CLEAN HARBORS INC            12.540       12539.62-    02
07/01        1000-     CLEAN HARBORS INC            12.322       12321.92-    02
07/01        1000-     CLEAN HARBORS INC            12.273       12272.63-    02
07/01        2000-     CLEAN HARBORS INC            12.310       24619.25-    02
07/01        4000-     CLEAN HARBORS INC            12.360       49438.51-    02
07/01        5000-     CLEAN HARBORS INC            12.110       60543.17-    02
07/01        1000-     CLEAN HARBORS INC            12.340       12339.62-    02
07/01        5000-     CLEAN HARBORS INC            12.210       61048.16-    02
   N(NEXT) P(PREV) E(END):   YEAR:   NEW ACCT:        DATE:       CODE:
CUSIP: CLHB        MORE DETAIL AVAILABLE FOR THIS ACCOUNT
```

4-©         1    Sess-1    12.15.224.37              TL049              22/27

Name: marreroi - Date: 12/22/2003  Time: 11:27:52

Page: 1  Document Name: Untitled

```
        A C C O U N T   H I S T O R Y   F O R   T H E   Y E A R   2 0 0 2
ACCT NAME: REUBEN, ROBERT & KAREN            ACCT NO:              RR NO:
DATE      QUANTITY            DESCRIPTION              CODE       AMOUNT         TP
12/23      3000-    CLEAN HARBORS INC                  16.980      50938.46-  02
                    RKDOWN      .0200
                              REPORTED PRICE   17.000
12/23      8200-    CLEAN HARBORS INC                  16.970     139144.81-  02
12/20      3000-    CLEAN HARBORS INC                  17.220      51653.44-  02
                    RKDOWN      .0300 AVG
                              REPORTED PRICE   17.250
12/16       200-    CLEAN HARBORS INC                  14.450       2884.91-  02
                    MKD .0500 AVG REP PRC14 1/2
12/13      1400-    CLEAN HARBORS INC                  14.820      20747.37-  02
12/13      3200-    CLEAN HARBORS INC                  14.470      46297.60-  02
12/03      1000-    CLEAN HARBORS INC                  14.120      14114.57-  02
                    MKD .0500 AVG REP PRC14.170000
12/03      3000-    CLEAN HARBORS INC                  14.150      42448.72-  02
12/03      2000-    CLEAN HARBORS INC                  14.170      28339.14-  02
                    MKD .0300 AVG REP PRC14.200000
11/26      7500     CLEAN HARBORS INC                  12.370      92783.00   02
                    RKUP        .0300 AVG
   N(NEXT) P(PREV) E(END):    YEAR:    NEW ACCT:         DATE:         CODE:
   CUSIP: CLHB         MORE DETAIL AVAILABLE FOR THIS ACCOUNT

4-©          1    Sess-1     12.15.224.37              TL049              22/27
```

Name: marreroi - Date: 12/22/2003  Time: 11:27:49

Page: 1  Document Name: Untitled

```
       A C C O U N T    H I S T O R Y   F O R    T H E    Y E A R    2 0 0 3
ACCT NAME: REUBEN, ROBERT & KAREN          ACCT NO:              RR NO:
DATE      QUANTITY              DESCRIPTION           CODE       AMOUNT        TP
03/18      6000       CLEAN HARBORS INC               9.369      56223.80      02
                      RKUP       .0300 AVG
                            REPORTED PRICE   9.339
03/18      6000-      CLEAN HARBORS INC               9.220      55313.32- 02
02/24      1000-      CLEAN HARBORS INC              12.950      12944.61- 02
                      MKD .0500 AVG REP PRC13
02/24      2000-      CLEAN HARBORS INC              12.960      25919.21- 02
02/20      3000       CLEAN HARBORS INC              12.671      38018.00   02
                      05 MKUP FM 12.621




N(NEXT) P.(PREV) E(END):    YEAR:    NEW ACCT: A550002867 DATE:         CODE:
CUSIP: CLHB

4-©           1     Sess-1    12.15.224.37              TL049              22/27
```

Name: marreroi - Date: 12/22/2003  Time: 11:28:22

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROBERT REUBEN, Individually and on Behalf of All Others Similarly Situated

## DEFENDANTS
CLEAN HARBORS, INC., ALAN S. McKIM and ROGER A.

2004 JAN -9 P 3: 39

(b) County of Residence of First Listed: out of state
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed COURT Norfolk
U.S. DISTRICT (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Theodore M. Hess-Mahan
Shapiro Haber & Urmy LLP
75 State Street
Boston, MA 02109
(617) 439-3939

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | [X] 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. § 78; Securities Fraud

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE ZOBEL    DOCKET NUMBER 03-CV-12302-RWZ

DATE 1/9/2004

SIGNATURE OF ATTORNEY OF RECORD
[signature]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)    ROBERT REUBEN, v. CLEAN HARBORS, INC., et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   KIRKLAND v. CLEAN HARBORS, INC., et al., Case No.. 03-CV-12302-RWZ (Zobel, J.)

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                            YES ☐         NO  X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                            YES ☐         NO  X

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                            YES ☐         NO  X

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                            YES ☐         NO  X

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                            YES ☐         NO  X

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
        EASTERN DIVISION  ☐      CENTRAL DIVISION  ☐      WESTERN DIVISION  ☐

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
        EASTERN DIVISION  ☐      CENTRAL DIVISION  ☐      WESTERN DIVISION  ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Theodore M. Hess-Mahan
ADDRESS    Shapiro Haber & Urmy LLP, 75 State Street, Boston, MA 02109
TELEPHONE NO.    (617) 439-3939

(Reuben Filing Category Form.wpd - 11/27/00)